UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA

                                18-mj-05083 MJR
                                DECISION AND ORDER

     v.

DONALD BRENNAN,

                     Defendant.
_____

On June 4, 2018, defendant Donald Brennan was charged, in a criminal complaint, with knowingly failing to register or update a registration as required by the Sex Offender Registration and Notification Act, in violation of Section 2250(a) of Title 18 of the United States Code. (Dkt. No 1). On December 3, 2018, defendant moved for dismissal of the criminal complaint against him and to be released based on speedy trial and due process grounds. (Dkt. No. 12). The Government filed a response in opposition on December 7, 2018 (Dkt. No. 14), defendant filed a reply on December 14, 2018 (Dkt. No. 15), and the Court heard oral argument on December 21, 2018. For the reasons stated below and for the reasons stated on the record on December 21, 2018, the Court denies the motion to dismiss the criminal complaint.

There is no statutory or constitutional speedy trial violation. The plain language of the Speedy Trial Act excludes time–without limitation–for the completion of mental competency evaluations. 18 U.S.C. § 3161(h)(1)(A); *see also United States v. Vasquez*, 918 F.2d 329, 333 (2d Cir. 1990). Further, the time limits in 18 U.S.C. § 4247(b) are not

applicable to Speedy Trial Act calculations. *United States v. Murphy*, 241 F.3d 447, 456 (6th Cir. 2001).

Defendant's argument that the Speedy Trial Act was violated because the 10-day transportation limit was exceeded is both legally and factually without merit. The time for competency exams is excludable regardless of transportation delays. *Vasquez*, 918 F.2d at 333. In addition, all the time since defendant's initial appearance on June 5, 2018 has been properly excluded under the Speedy Trial Act as either motions have been pending or mental competency evaluations were being performed.

There is no constitutional speedy trial violation as defendant has been detained for only six months. Moreover, there is no due process violation in this case. Defendant's reliance on *Jackson v. Indiana*, 406 U.S. 715 (1972) is misplaced. In that case, the Supreme Court held that the State of Indiana's statutory scheme, which permitted an incompetent defendant to be held indefinitely without consideration of his prognosis, was unconstitutional. *Id.* Here, the defendant will only be held for up to four months to determine whether his competency can be restored. 18 U.S.C. § 4241(d)(1).

Finally, the plain language of 18 U.S.C. § 4241(d) is mandatory. *United States v. Magassouba*, 544 F.3d 387, 404 (2d Cir. 2008). Here, the Court has found by a preponderance of the evidence that the defendant is incompetent. (Dkt. No. 13). Therefore, under the statute, he must be committed to the custody of the Attorney General for an attempt at restoration.

The motion to dismiss the criminal complaint is denied.

SO ORDERED.

Dated:     January 4, 2019
           Buffalo, New York

                              /s/ Michael J. Roemer
                              MICHAEL J. ROEMER
                              United States Magistrate Judge